USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/7/2022

## Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

MEMO ENDORSED

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

May 27, 2022

6/1/2022
— Probation
need for revision, please submit

**BY HAND**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

Re:   **United States v. Angel Alejandro**
      **98 CR 290 (CM)**

Dear Judge McMahon:

Colleen McMahon

        With the enthusiastic support of probation and without objection from the Government, I
write to request early termination of Mr. Alejandro's term of supervised release.

        Mr. Alejandro has completed two and a half years of the five-year term of supervised release
the Court imposed on May 21, 2014. Mr. Alejandro's supervising officer, Joseph Lombardo, has
informed both me and the Government that he is "100 percent" supportive of this request for early
termination because of Mr. Alejandro's "extraordinary adjustment" to supervision and because he
has "made such a remarkable change in his life." In his eighteen years as a probation officer, Officer
Lombardo has rarely seen an individual who has transformed as dramatically as Mr. Alejandro has.
In Officer Lombardo's words, Mr. Alejandro has "paid his dues" and "deserves" early termination.

        Mr. Alejandro's rehabilitation is now complete. The interests of justice would be served by
early termination of his supervised release.

**Procedural History**

        As the Court no doubt recalls, Mr. Alejandro was originally sentenced to a mandatory term
of life imprisonment for his role in the murder of Efraim Torres. With the consent of the
Government, the case was remanded for resentencing in light of *Miller v Alabama*, 132 S.Ct 2455
(2012). The core holding of *Miller* is that the constitution requires that judges, when imposing
sentences for juvenile offenders, must take into account their capacity for rehabilitation. This case
truly exemplifies the correctness of the *Miller* decision.

When the Court resentenced Mr. Alejandro to a term of 300 months, it noted that Mr. Alejandro had "begun to turn [his] life around . . . [and] matured." Dkt. 203 at 16. Following the sentencing recommendation of "the very wise probation officer" who had reviewed the record extensively, the Court explained that Mr. Alejandro would be in his mid to late 40s when he got out of jail and would "still have time to build a life, and hopefully to do some good in order to undo the terrible and irremediable wrong that he has done." *Id.* at 19.

The Court's hope has been realized. Since Mr. Alejandro's release from custody, he has rebuilt his life and continues "to do some good." It is for this reason that Probation Officer Lombardo encouraged Mr. Alejandro to request early termination of supervision pursuant to 18 U.S.C. §3583(e).

## **The Court has discretion to terminate supervision at this time.**

18 U.S.C. §3583(e) gives the Court authority to terminate supervision at any time after the expiration of one year, if such action is "warranted by the conduct of the defendant released and the interests of justice." "Congress intended supervised release to assist individuals in their transition to community life. (citation omitted) Accordingly 'supervised release fulfills rehabilitative ends, distinct from those served by incarceration.'" *United States v. Burden*, 860 F.3d. 456 (2d Cir. 2017).

In this case, as set forth more fully below, both the conduct of Mr. Alejandro and the interests of justice would be served by following the recommendation of the probation department and terminating supervision at this time.

## **Early termination of supervision will serve the interests of justice.**

Mr. Alejandro was fifteen years old when he committed his offense. Now in his forties, Mr. Alejandro is a responsible adult who is contributing both professional and personally to improving his community. Mr. Alejandro began his term of supervised release on December 2, 2019. Within a month, he was working two jobs: full time at the New York Public Library and part time at The Campaign for the Fair Sentencing of Youth ("the CFSY"). *See* Letter from Jody Kent Levy, attached as Exhibit A. When the pandemic began, New York Public Library no longer needed full-time employees working in person. In May 2020, Mr. Alejandro transitioned to a full-time employee at the CFSY. In an email to counsel, Mr. Alejandro discussed his current employment:

The CFSY is a national organization whose aim is the abolishment of juvenile life without parole and other extreme sentencing of children who come into contact with the criminal justice system. At the CFSY I am employed as a Grants Officer, in which I am the contact person for our foundation partners, I am also a part of the Development teams in which I engage in foundation fundraising and prospecting of potential partnerships with philanthropic foundations. My day-to-day operations include the drafting, writing, and submissions of "letters of interest," "requests for proposals," monthly, quarterly as well as yearly progress reports to our foundation partners.

In her letter to the Court, the Executive Director, Jody Kent Levy writes, "As his employer for more than a year, and as advocates who have known him for a decade, we have been consistently impressed by his reliability, talents, warmth, resilience, outlook on life, and genuine care for the well-being of others. . . Angel is responsible for securing millions of dollars in grants for the CFSY. We trust him completely. . . Angel is clearly deeply remorseful for his crime, and committed to doing his part to make the United States a safer, fairer country for all." Ex. A.

Mr. Alejandro is currently living with his partner of two years in Yonkers. His future plans are as follows: "the possible opportunity of transitioning into a supervisory role within the CFSY. Within the last year, I have taken an online course through Westchester Community College in grant writing in which I received certification, and I am currently identifying additional professional development opportunities to build out my professional skills as well as the continued development of my professional and social networks. I also plan to further my formal education through enrollment in a bachelor's program; before my release from prison, I was able to receive an associate degree in Business Entrepreneurship as well as one in Individual Studies. It is also my hope to be able to contribute to the purchase of residential property within the next five years."

## Conclusion

At the time of re-sentencing, the Court relied heavily on the expertise and recommendation of the assigned probation officer: "probation officers are perhaps more capable than judges . . . of looking at a situation and assessing it with a minimum of emotion, and coming up with a recommendation for a sentence that conforms to the parsimony clause. . . " Dkt. 203 at 18. Similarly, at this time, the Court should give great weight to the strong support of Mr. Alejandro's supervising probation officer, Joseph Lombardo, an eighteen-year-veteran of the probation department.

Mr. Alejandro has demonstrated convincingly that his conduct and the interests of justice warrant early termination of supervision. For all the reasons set forth above, without objection from the Government and with strong support from probation and Mr. Alejandro's employer, I ask the Court to terminate supervision pursuant to 18 U.S.C. §3853(e).

Respectfully submitted,

Jennifer L. Brown
Attorney-in-Charge
Federal Defenders of New York
(212) 417-8722

cc:   AUSA Rebecca Mermelstein (By e-mail)
      USPO Joseph Lombardo (By e-mail)
      Angel Alejandro (By e-mail)

Jennifer Brown